ELG/mjw    02/03/05

ORIGINAL

22 COPIES OF COMPLAINT
ORIGINAL AND 22 COPIES OF SUMMONS
AND MAGISTRATE CONSENT FORM ISSUED TO
COUNSEL FOR PLAINTIFF ON 2-4-05 /es

US FEB -4 PM 3:33

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK C. HOLLENBAUGH, )    5:05CV  207
ADMINISTRATOR OF THE ESTATE OF )
JOEL HOLLENBAUGH DECEASED )
5805 E. SILO RIDGE DRIVE )    JUDGE GWIN
ANN ARBOR, MICHIGAN 48108 )
                                )    MAG. JUDGE LIMBERT
      Plaintiff, )    JUDGE
                                )
v. )
                                )
THOMAS G. MAURER )    **C O M P L A I N T**
SHERIFF, WAYNE COUNTY )    (Jury Demand Endorsed Herein)
(In his official capacity only) )
201 W. NORTH STREET )
WOOSTER, OHIO 44691 )
                                )
and )
                                )
WAYNE COUNTY )
C/O WAYNE COUNTY COMMISSIONERS )
CHERYL A. NOAH (In her official capacity) )
ANN M. OBRECHT (In her official capacity) )
SCOTT WIGGAM (In his official capacity) )
428 W. LIBERTY STREET )
WOOSTER, OHIO 44691 )
                                )
and )
                                )

1

| | |
|---|---|
| **CITY OF WOOSTER**<br>**C/O MAYOR JAMES A. HOWEY**<br>(In his official capacity only)<br>538 N. MARKET STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **OFFICER SCOTT ROTOLO**<br>(In his individual and official capacity)<br>CITY OF WOOSTER POLICE DEPARTMENT<br>538 N. MARKET STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **SERGEANT NANCY OTT**<br>(In her individual and official capacity)<br>WAYNE COUNTY SHERIFF'S OFFICE<br>201 W. NORTH STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **DEPUTY SHULER**<br>(In his individual and official capacity)<br>WAYNE COUNTY SHERIFF'S OFFICE<br>201 W. NORTH STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **DEPUTY JOHNS**<br>(In his individual and official capacity)<br>WAYNE COUNTY SHERIFF'S OFFICE<br>201 W. NORTH STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **CAPTAIN DOUG JOHNSON**<br>(In his individual and official capacity)<br>WAYNE COUNTY SHERIFF'S OFFICE<br>201 W. NORTH STREET<br>WOOSTER, OHIO 44691 | )<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| and | ) |
| | ) |
| SERGEANT MIKE BUTLER | ) |
| (In his individual and official capacity) | ) |
| WAYNE COUNTY SHERIFF'S OFFICE | ) |
| 201 W. NORTH STREET | ) |
| WOOSTER, OHIO 44691 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE OFFICERS #1 | ) |
| C/O WOOSTER CITY POLICE OFFICERS | ) |
| 201 W. NORTH STREET | ) |
| WOOSTER, OHIO 44691 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE OFFICERS #2 | ) |
| C/O WAYNE COUNTY SHERIFF'S OFFICE | ) |
| 201 W. NORTH STREET | ) |
| WOOSTER, OHIO 44691 | ) |
| | ) |
| Defendant(s) | ) |

## INTRODUCTION

1. The Plaintiff is filing his suit under 42 U.S.C. 1983 wherein Plaintiff is alleging the Defendants used the authority of their state positions to deny Plaintiff his constitutional rights.

2. Plaintiff also raises his State of Ohio causes of action.

3. Monetary, compensatory, punitive and injunctive relief are requested.

## JURISDICTION

4. Jurisdiction is evoked under 28 U.S.C. 1331, 1332, and 1343.

5. Pendant jurisdiction is further invoked for the state claims in 28 U.S.C. 1367.

## PARTIES

6. The Plaintiff, Mark Hollenbaugh, has been appointed and is acting as

Administrator of the Estate of Joel Hollenbaugh.

7. The Plaintiff brings this case on behalf of himself and other surviving family members and next of kin of Joel Hollenbaugh. (See Exhibit 1)

8. Joel Hollenbaugh was a U. S. citizen residing in the County of Wayne, Ohio.

9. Thomas G. Maurer is the elected Sheriff of the County of Wayne and has authority to set policy and procedure for the Sheriff's Department employees.

10. Wayne County is incorporated under the State of Ohio and is managed by County Commissioners, Cheryl A. Noah, Ann M. Obrecht, and Scott Wiggam.

11. Defendant City of Wooster is incorporated within the County of Wayne, State of Ohio

12. The City of Wooster, through it's Mayor James A. Howey, establishes policies, procedures, practices, training, and customs for all of its police department employees.

13. All policies, customs, and practices, as well as training, of the law enforcement officers, have been approved by the policymakers James A. Howey, Thomas G. Maurer, Cheryl A. Noah, Ann M. Obrecht, and Scott Wiggam.

14. Co-Defendants **Rotolo, Ott, Shuler, Johns, Johnson, Butler** and **John Does** were at all relevant times employees, agents, and/or representatives of the City of Wooster and/or Wayne County through its Police and/or Sheriff Department.

15. John Does #1, on information and belief, are City of Wooster Police Officers that may of had contact with the deceased.

16. John Does #2, on information and belief, are deputies or correction officers that may of had contact with the deceased while incarcerated.

17. Said Co-Defendants were acting within the course and scope of their employment

as state officials, thus acting under color of state law.

18. All Co-Defendants purport to be properly trained, tested, and evaluated by City of Wooster and/or Wayne County Sheriff's Department.

## STATEMENT OF THE FACTS

19. Plaintiff states that on or about May 27, 2003, Hollenbaugh was involved in an automobile accident in Wooster, Ohio.

20. Plaintiff states that the Defendants were informed that Hollenbaugh was a passenger in one of the vehicles involved in the accident and not the driver.

21. Plaintiff states that after being questioned by the Defendants, Hollenbaugh was allowed to leave the scene of the accident.

22. Sometime after the accident, Defendant Officer Scott Rotolo ("Rotolo") decided that Hollenbaugh was the driver of the vehicle and went to Hollenbaugh's residence.

23. Plaintiff states that Rotolo performed a field sobriety test on Hollenbaugh outside his residence. Prior to beginning the test, Hollenbaugh informed Rotolo that he did not feel well.

24. Plaintiff states that following the sobriety test, Hollenbaugh was arrested by Rotolo for Driving Under the Influence and Driving Under Suspension and transported to the Wayne County Jail.

25. Plaintiffs state that when Hollenbaugh arrived for booking, the Defendants were celebrating the retirement of Defendant Nancy Ott ("Ott").

26. Plaintiff states that at the time of Hollenbaugh's arrest, Hollenbaugh once again informed the Defendants and several others that he did not feel well. Hollenbaugh also informed the Defendants that he was having chest pains and that he believed

he had food poisoning.

27. Plaintiff states that after Hollenbaugh was booked, Hollenbaugh did not have the ability to walk under his own power, therefore, he was carried/drug everywhere by the Defendants.

28. Plaintiff states that after the booking paperwork was completed, Hollenbaugh was dragged down the hall and given a BAC test. During this test, the Defendants knocked Hollenbaugh out of his chair causing Hollenbaugh to hit his head.

29. Shortly thereafter, Hollenbaugh, whose body had gone limp, was thrown into a cell and given a trash can to vomit in. At this time, the Defendants returned to the retirement celebration.

30. Plaintiff states that while Hollenbaugh was in the cell he vomited several times and repeatedly asked for medical treatment.

31. Further, the Plaintiff states that the other inmates repeatedly attempted to get the Defendants' attention. They screamed, banged on the door, and otherwise asked the officers for assistance.

32. In fact, a number of the other inmates expressly requested that Hollenbaugh receive medical treatment.

33. However, the Defendants, in accordance with their custom and policy, ignored Hollenbaugh and the other inmates' pleas. If fact, a number of the Defendants laughed at Hollenbaugh and called him names.

34. Plaintiff states that the policies and customs of the Defendants were in violation of the Ohio Administrative Code, including but not limited to Section 5120, et set.

35. Plaintiff states that as a result of the Defendants' deliberate indifference to Hollenbaugh's medical needs, Hollenbaugh was later found dead at the Wayne

County Jail.

36. Plaintiff states that the Defendants were not properly trained to handle the incarceration of individuals with medical needs.

37. Plaintiff further states that the Defendants' actions were willful, wanton, malicious, reckless, and/or deliberately indifferent to the clearly established rights of the Decedent.

## FIRST CAUSE OF ACTION

38. Plaintiff incorporates the Statement of the Facts into the First Cause of Action as if fully rewritten herein.

39. Plaintiffs state that the Defendants, Wayne County Sheriff Thomas Maurer, Wayne County, Wayne County Commissioners, Cheryl A. Noah, Ann M. Obrecht, and Scott Wiggam, City of Wooster, and Mayor James Howey are liable in violation of the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. 1983 for failure to adequately train its employees. Specifically, the Defendants have a custom or policy of deliberate indifference in regards to the medical needs of citizens that are arrested and/or incarcerated. The Defendants' training procedure is not adequate to recognize obvious medical needs of arrestees and detainees.

40. **Wherefore,** Plaintiff demands compensatory damages in the amount $2,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

## SECOND CAUSE OF ACTION

41. Plaintiff incorporates the Statement of the Facts and the First Cause of Action into

the Second Cause of Action as if fully rewritten herein.

42. Plaintiff states that all Defendants violated the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by acting deliberately indifferent to the personal safety, the right to medical care, and the medical needs of Hollenbaugh.

43. **Wherefore**, Plaintiff demands, from all Defendants, pursuant to 42 USC 1983, compensatory damages in the amount $2,000,000, and from all individual Defendants, punitive damages in the amount of $4,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

### THIRD CAUSE OF ACTION

44. Plaintiff incorporates the Statement of Facts, the First Cause of Action, and the Second Cause of Action into the Third Cause of Action as if fully rewritten herein.

45. The Plaintiffs state that all Defendants violated the Eight Amendment to the U.S. Constitution. Specifically, the Defendants acted with deliberate indifference equivalent to criminal recklessness when the ignored the serious medical needs of Hollenbaugh.

46. The Plaintiff states that all Defendants have a policy or custom of violating the Eight Amendment of the Constitution.

47. **Wherefore**, Plaintiff demands, pursuant to 42 USC 1983, compensatory damages in the amount $2,000,000, and from all individual Defendants, punitive damages in the amount of $2,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

## FOURTH CAUSE OF ACTION

48. Plaintiff incorporates the Statement of Facts, the First Cause of Action, the Second Cause of Action, and the Third Cause of Action into the Fourth Cause of Action as if fully rewritten herein.

49. Plaintiff states that all Defendants violated the Fifth Amendment to the U.S. Constitution by acting deliberately indifferent to the personal safety, the right to medical care, and the medical needs of Hollenbaugh and otherwise punishing Hollenbaugh.

50. The Defendants have a policy or custom of violating the Fifth Amendment to the U.S. Constitution.

51. **Wherefore**, Plaintiff demands, pursuant to 42 USC 1983, compensatory damages in the amount $2,000,000, from all individual Defendants, punitive damages in the amount of $2,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

## FIFTH CAUSE OF ACTION

52. Plaintiff incorporates the First Cause of Action, the Second Cause of Action, the Third Cause of Action, and the Fourth Cause of Action into the Fifth Cause of Action as if fully re-written herein.

53. Plaintiff states that all Defendants are collectively liable for the wrongful death of Hollenbaugh. Mr. Hollenbaugh suffered severely before his death due to the actions of all Defendants.

54. Pursuant to Ohio Revised Code 2125, et set, the Plaintiff demands damages for personal injury, medical bills, and funeral and burial expenses.

55. Plaintiff further states that the Defendants were all individually and collectively grossly negligent in their actions.

56. Plaintiff further states that the Defendants' actions were willful, wanton, malicious, reckless, and/or deliberately indifferent to the rights of the Decedent.

57. Plaintiff further states that the improper hiring, training, and supervision or retention of Defendants caused the wrongful death of the Decedent.

58. **Wherefore**, the Decedent demands for wrongful death, lost wages, medical expenses, funeral expenses, burial expenses, and any and all other expenses associated with the wrongful death of the Decedent in the amount of Two Million Dollars ($2,000,000.00). Plaintiff also demands punitive damages from the individual Defendants in the amount of $1,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

## SIXTH CAUSE OF ACTION

59. Plaintiff incorporates the First Cause of Action, the Second Cause of Action, the Third Cause of Action, the Fourth Cause of Action, and the Fifth Cause of Action into the Sixth Cause of Action as if fully re-written herein.

60. The Plaintiff asserts that all Defendants are all liable for loss of consortium of the decedent, his brother.

61. **Wherefore**, Plaintiff demands compensatory damages in the amount $1,000,000, punitive damages, from all individual Defendants, in the amount of $1,000,000, attorney fees, cost, injunctive relief and any other relief this court may deem is fair and equitable.

Respectfully submitted,

**SLATER, ZURZ & GILBERT**

*[signature]*

Edward L. Gilbert (0014544)
James Slater (0002379)
Rick Zurz (0007978)
Don Davis (0030559)
Slater, Zurz & Gilbert
Attorney for the Plaintiff
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert8@sbcglobal.net