UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| MARK C. HOLLENBAUGH, | : | CASE NO. 5:05-CV-207 |
| Administrator of the Estate of | : | |
| Joel Hollenbaugh deceased, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 305] |
| THOMAS G. MAURER, | : | |
| SHERIFF, WAYNE COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 29, 2005, Defendants Thomas G. Maurer, Wayne County, Cheryl A. Noah, Ann M. Obrecht, Scott Wiggam, Nancy Ott, Patricia Schuler, Louis Johns, Doug Johnson, and Mike Butler filed four separate motions to strike the expert reports of the following witnesses: (1) R. Paul McCauley, PhD, BCFE, (2) Burke, Rosen & Associates, (3) Alfred Narraway, DO, FACC, and (4) Phillip J. Cover, MD. [Docs. 129, 130, 133 & 134.] On September 7, 2005, Defendants City of Wooster and Scott Rotolo also filed a Motion to Strike the Expert Reports of R. Paul McCauley, PhD, BCFE, and Burke, Rosen & Associates. [Doc. 156.] Plaintiff opposed all of Defendants' motions. [Docs. 145, 146, 162]. On October 4, 2005, the Court denied Defendants' motions to strike Plaintiff's expert reports. [Doc. 198.]

Additionally, on August 31, 2005, Plaintiff filed a Motion for Leave to Supplement Expert Reports for (1) Burke, Rosen & Associates; (2) Alfred Narraway, DO, FACC; and (3) Phillip J.

-1-

Case No. 5:05-CV-207
Gwin, J.

Cover, MD.  [Doc. 146.]  On September 7, 2005, Defendants opposed the Motion for Leave to Supplement Expert Reports.  [Doc. 155.]  On September 27, 2006, the Court marginally denied Plaintiff's Motion for Leave to Supplement Expert Reports without prejudice to refiling upon the return of the case to the Court's active docket.  [Doc. 297.]

On July 24, 2007, Plaintiff refiled its Motion for Leave to Supplement Expert Reports, accompanied by an Opposition to Defendants' Motion to Strike the Expert Reports of Narraway; Cover, and Burke, Rosen & Associates.  [Doc. 305.]  On August 7, 2007, Defendants opposed Plaintiff's motion.

Given that the Court previously denied Defendants' motions to strike Plaintiff's expert reports on October 4, 2005, Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Expert Reports is unnecessary.  However, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Supplement Expert Reports.

Fed. R. Civ. P. 26(a)(2) sets forth certain requirements for the submission of expert reports. Specifically, Rule 26(a)(2)(A) requires each party to disclose the identity of any person who may be called to provide expert testimony at trial.  With regard to any witness who is retained or specially employed to provide expert testimony or any person who regularly gives expert testimony as part of his employment with the party, Rule 26(a)(2)(B) further requires the submission of a written report that is prepared and signed by the witness.  The report must contain the following items:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and

Case No. 5:05-CV-207
Gwin, J.

> testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id.*

Fed. R. Civ. P. 37(c) further provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Thus, if the Court determines that a party's violation of Rule 26(a) is harmless or substantially justified, it may allow the party to use the noncomplying expert report as evidence. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003).

In accordance with the detailed analysis of the Court's previous order of October 4, 2005, the Court finds that Plaintiff's Expert Reports submitted by Narraway; Cover; and Burke, Rosen & Associates substantially comply with the requirements of Fed. R. Civ. P. 26(a)(2). In addition, the Court finds that the defects cited by Defendants are minimal and highly technical in nature. As such, the Court finds that these errors are harmless and easily remedied by permitting Plaintiff to file supplemental reports.

The Court also rejects Defendants' contention that they will be unduly prejudiced by permitting Plaintiff to file supplemental reports at this time. Plaintiff's initial motion remained pending for over a year before being dismissed without prejudice while Defendants took an interlocutory appeal of the Court's ruling on Defendants' Motion for Summary Judgment. Thus, Defendants have had more than adequate notice of the conclusions advanced by Plaintiff's experts and the bases of their opinions. Furthermore, Defendant has shown no prejudice arising from the fact that Plaintiff waited one month to refile his motion once the case returned to the Court's active

Case No. 5:05-CV-207
Gwin, J.

docket.

    For all these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Supplement Expert Reports.

    IT IS SO ORDERED.


Dated: August 27, 2007                  s/  *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE